## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| DONALD JESSIE, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:07-0459** |
| | ) | **(Criminal No. 5:05-0224)** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and incarcerated at FCI Elkton, filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on July 26, 2007.[1] (Document No. 266.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 268.)

### FACTUAL AND PROCEDURAL BACKGROUND

On January 10, 2006, Movant pled guilty to Count One of the Indictment in Criminal Action No. 5:05-0224 charging him with conspiracy to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 846. (Criminal Action No. 5:05-0224, Document Nos. 113 and 121.) Movant was sentenced on May 23, 2006. (Id., Document Nos. 195 and 206.) The District Court determined that Movant had a Base Offense Level of 34, and a Total Offense Level of 33, the Court having imposed a two-level firearm enhancement and granted a three-level downward adjustment

---

[1] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

for acceptance of responsibility. (Id., Document Nos. 207 and 228.) The District Court ordered that Movant serve a 196-month term of incarceration to be followed by a five-year term of supervised release. (Id.) The District Court also imposed a $100 special assessment. (Id.) Movant did not appeal his sentence to the Fourth Circuit Court of Appeals.

On July 26, 2007, Movant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Civil No. 5:07-0459, Document No. 266.) As grounds for *habeas* relief, Movant alleges as follows: (1) "Ineffective assistance of counsel during the critical stages of these proceedings;" (2) "The sentence appears to be unreasonable as the punishment reflects upon an illegal enhancement for unproven conduct;" and (3) "The sentence as it was imposed should be reduced to account for recent proposed change in the punishment for crack." (Id., p. 5.)

On November 1, 2007, Movant filed his "Motion to Amend Petitioner's 28 U.S.C. § 2255 Motion." (Document No. 271.) Petitioner states that he wishes to amend his Section 2255 Motion as follows (Id., pp. 1 - 2.) :

1. Petitioner has already filed his § 2255 alleging ineffective assistance of counsel. Defendant also . . . is seeking a reduction of his prison sentence pursuant to Title 18 U.S.C. § 3582(c)(2). Defendant is asking this court to reduce his current sentence of One Hundred & Ninety Six (196) months to the amended sentence of 151 - 188 months since U.S.S.G. made Amendment 9 2D1.1 retroactive on November 1, 2007, by lowering two points defendant's eligible for the reduction.

2. Defendant also wishes to argue Post-Booker, (2005) which made the sentencing guidelines advisory to re-sentencing proceeding brought under the statutory authorizing court to modify a sentence based on subsequent lowering of Sentencing Guidelines range by Sentencing Commission, and thus the newly calculated Guidelines range is advisory, Booker made clear that guidelines were no longer mandatory in any context 18 U.S.C. § 3582(c)(2).

3. Defendant's argument under Post-Booker, is that the Sixth Amendment does apply to the Sentencing Guidelines. It means that any fact (except for prior convictions) that the judge relies on to establish your sentence range under the Guidelines must have been found by a jury or admitted by the defendant. Here

the defendant plead guilty to without knowing that or that his counsel should have known that the government was seeking to enhance defendant two levels under § 2D1.1 enhancement for weapon possession.

4.    Defendant is claiming that his sentence is illegal, Section 3553(b)'s requirement that the judge only consider "the sentencing guidelines, policy statement, and the official commentary of the Sentencing Commission," was eliminated by <u>Booker</u>. <u>See</u> <u>U.S. v. Hicks</u>, 472 F.3d 1167 (9th Cir. 2007). Mr. Hicks did not argue that he deserves a § 3582(c)(2) resentencing because of <u>Booker</u>, his entitlement was based on § 3582(c)(2) a proceeding that occurred only because the Sentencing Commission lowered § 2D1.1 application sentencing range two points. <u>Hicks</u>, also cited <u>U.S. vs. Ono</u>, F.3d 101-102 (9th Cir. 1995), "which stated, the purpose of a § 3582(c)(2) motion is resentencing."

5.    Defendant claims he was illegally enhanced by this court without pleading guilty or admitting in his plea agreement, that the court violated his due process rights when it sentenced defendant two levels under § 2D1.1 possession of firearm, when defendant was not indicted for it or pled guilty to it.

By Order entered on February 21, 2008, the District Court withdrew reference of that portion of Movant's Section 2255 Motion "seeking relief under section 3582(c) based upon the recent amendment reducing penalties for cocaine-base offenses." (<u>Id.</u>, Document No. 275). The District Court directed the Clerk to "re-docket the motion in the original criminal case to reflect that a Section 3582(c) motion based upon the recent amendment reducing penalties for cocaine-base offenses has been filed." (<u>Id.</u>) On March 19, 2008, Movant filed a "Motion to Withdraw Motion to Amend Petitioner's 28 U.S.C. § 2255 Motion and Reinstate the Original § 2255 Motion." (<u>Id.</u>, Document No. 290.) In support of his Motion, Movant states as follows: "Petitioner inadvertently sought relief based on the Sentencing Commission's Amendments to the guidelines involving crack, in an amendment to his § 2255 which supercedes the original § 2255. Petitioner has submitted to the Court accompanying this motion, a motion under 18 U.S.C. § 3582(c)(2) to properly address receiving relief under Amendment 706." (<u>Id.</u>, p. 1.) On March 19, 2008, Movant also filed his Motion for Retroactive

3

Application of Sentencing Guidelines regarding his Crack Cocaine Offense.[2] (Id., Document No. 291.) By Memorandum Opinion and Judgment Order entered on January 8, 2009, the District Court granted Movant's request for a sentence reduction under 18 U.S.C. § 3582(c)(2). (Id., Document No. 342.) The District Court reduced Movant's sentence to "a period of 135 months, with credit for time served to date." (Id..)

On February 9, 2009, Movant filed a Supplement to his Section 2255 Motion. (Document No. 346.) Movant states that he wishes to supplement his motion to "consider the disparity concerning 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(7)(2) penalties in view of state court dismissal and federal court dismissal to be filed." (Id., p. 1.) Movant further seeks for a new Presentence Report to be prepared by the probation office and for it to be reviewed by the Court. (Id.) In support, Movant states that he seeks reachable goals and is "an avid aspiring writer with eight (8) books seeking publication." (Id.) Movant also attaches a copy of his "Inmate Education Date Transcript." (Id., pp. 3 - 4.) Movant, therefore, requests the Court to reconsider his sentencing enhancement. (Id., p. 1)

## ANALYSIS

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA], which established a one-year period of limitation governing the filing of motions for collateral relief under 28 U.S.C. § 2255. The one-year period runs from the latest of one of four specified events:

---

[2] On November 1, 2007, the United States Sentencing Guidelines were amended to reduce by two levels the guidelines in Section 2D1.1 for cocaine base (also known as crack). Subsequently, the Commission amended Section 1B1.10 to make the crack amendment retroactive, effective March 3, 2008. This retroactivity produces the opportunity for offenders to file motions under 18 U.S.C. § 3582(c)(2) seeking sentence reductions.

(1)     the date on which the judgment of conviction becomes final;

(2)     the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

(3)     the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255.

Movant's sentence was imposed by Judgment Order filed on June 13, 2006, and his sentence became final ten days later when he did not file a Notice of Appeal (June 27, 2006 ).[3] On July 26, 2007, approximately one month after the one year period expired, Movant filed the instant Motion raising issues respecting matters in Criminal No. 5:05-0224. Movant's Motion is therefore clearly untimely.

The one-year period of limitation is procedural, not jurisdictional, and therefore may be equitably tolled. United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000)("§ 2255's limitation period is subject to equitable modifications such as tolling."). The Fourth Circuit, however, has held

---

[3] Although Movant's sentence was reduced pursuant to 18 U.S.C. § 3582(c) on May 7, 2008, the undersigned finds that Movant's conviction and sentence became final on January 8, 2009. Title 18 U.S.C. § 3582(b) provides that notwithstanding fact that a sentence can be modified pursuant to subsection (c), corrected pursuant to Rule 35, or modified pursuant to section 3742, "a judgment of conviction that includes such a sentence constitutes a final judgment for all other purposes." 18 U.S.C. § 3582(b); also see United States v. Sanders, 247 F.3d 139, 142 (4th Cir. 2001)(stating that "Congress did not intend for Fed. R. Crim. Pro. 35(b) motions to prevent convictions from becoming final for § 2255 purposes"); Potter v. United States, 2007 WL 749674 (E.D.Va. Mar. 5, 2007)(rejecting "petitioner's argument that his conviction did not become final until disposition of the government's Rule 35(b) motion for a reduction petitioner's sentence").

that equitable tolling "must be reserved for those rare instances where - due to circumstances external to the party's own conduct - it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003); see also Harris v. Hutchinson, 209 F.3d 325, 329 - 30 (4th Cir. 2000)(equitable tolling should apply only where the petitioner is prevented from asserting his claim by wrongful conduct of the respondent or where extraordinary circumstances beyond the petitioner's control make it impossible to file the claim on time). Specially, the Fourth Circuit stated as follows in Harris, *supra*, at 330:

> 'As a discretionary doctrine that turns on the facts and circumstances of a particular case, equitable tolling does not lend itself to bright-line rules.' Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999). The doctrine has been applied in 'two generally distinct situations. In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant. In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time.' Alvarez-Machain v. United States, 107 F.3d 696, 700 (9th Cir. 1996) (citation omitted). But any invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

Ignorance of the law is not a valid basis for equitable tolling.[4] Marsh v. Soares, 223 F.3d 1217, 1220

---

[4] In providing background information concerning his criminal conviction, Movant states that he "specifically requested for my sentencing counsel to file a notice of appeal and to perfect an appeal to be reviewed by the 4th Circuit U.S. Court of Appeals on the grounds that the sentence as it was imposed appeared to be unreasonable given the nature of my non-extensive criminal background and the lack of direct evidence to substantiate my conviction for the crimes I was charged with." (Civil Action 5:07-0459, Document No. 266, p. 3.) Movant, however, acknowledges that "[c]ounsel responded that it would be a waste of time because there were not issues of legitimacy to raise for meaningful appellate review." (*Id.*) Thus, Movant was aware at the time of his alleged request that counsel was not filing a direct appeal on his behalf. Nothing prevented Movant from asserting his grounds for *habeas* relief within the one year limitation period. It appears

(10th Cir. 200)(stating that ignorance of the law, including the existence of AEDPA, is insufficient to warrant equitable tolling); <u>Miller v. Marr</u>, 141 F.3d 976, 978 (10th Cir. 1998)(equitable tolling not justified by the fact that the prisoner did not know about AEDPA time limitation). Thus, federal Courts invoke the doctrine of equitable tolling "only sparingly" and will not toll a statute of limitations because of "what is at best a garden variety claim of excusable neglect" on the part of the defendant." <u>Irwin v. Department of Veterans Affairs</u>, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990). To receive the benefit of equitable tolling, a Section 2255 movant must demonstrate that circumstances beyond his control or government misconduct contributed to his inability to file her Section 2255 motion on time. Based upon a thorough review of the record, the undersigned finds no circumstances justifying equitable tolling in this matter. Accordingly, Movant's Section 2255 Motion must be dismissed as untimely.[5]

_____

that Movant was either unaware of the existence of AEDPA, or miscalculated the time period for filing his Section 2255 Motion.

[5] To the extent Movant is alleging that his sentence was improperly enhanced, the undersigned finds that his claim is without merit. Movant argues that counsel was ineffective in failing to challenge his sentence based upon *Booker*. Specifically, Movant argues that his sentence was improperly enhancement for possession of a firearm, which was conduct that was not admitted by Movant or found by a jury. The undersigned finds that Movant's reliance upon the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005) is misplaced. In *Apprendi*, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490, 120 S.Ct. at 2362 - 63. In *Blakely*, the Supreme Court reaffirmed the Court's holding in *Apprendi* and invalidated Washington's sentencing scheme because it required the judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment. *Blakely*, 542 U.S. at 303, 124 S.Ct. at 2537. In *Booker*, the Supreme Court applied the holding in *Blakely* to the Federal Sentencing Guidelines, and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244, 125 S. Ct. at 756.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under Section 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document Nos. 266, 271, and 346.) and **REMOVE** this matter from the Court's docket.

Movant is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Movant shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v.

---

The sentence authorized by the facts established by Movant's guilty plea was a term of imprisonment not less than 10 years nor more than life. 21 U.S.C. § 841(b)(1)(A). The District Court sentenced Movant to a 196-month term of imprisonment. Thus, Movant's sentence quite clearly did not exceed the maximum penalty authorized in view of his plea of guilty as Movant claims. *See United States v. Hughes*, 401 F.3d 540, 553 (4th Cir. 2005)(stating that the maximum sentence authorized by a jury verdict "is, of course, the maximum set forth in the statute of conviction"); *United States v. Green*, 163 Fed.Appx. 221, 223 (4th Cir. 2006)(finding that *Booker* held only that uncharged facts cannot be used to support a sentence exceeding the statutory maximum, not that a sentencing judge may not use uncharged facts to enhance the defendant's sentence within the statutory range). Under these circumstances, no basis existed for claiming that Movant's sentence was improper under *Booker*, *Blakely*, and *Apprendi*. Therefore, Movant's attorney was not ineffective in failing to object regarding Movant's sentencing.

<u>Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Movant who is acting *pro se*.

Date: June 16, 2010.

R. Clarke VanDervort
United States Magistrate Judge